IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL FRANCIS LALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-0911 |
| | ) | |
| CLARKSVILLE MONTGOMERY COUNTY | ) | Judge Sharp |
| POLICE DEPARTMENT and | ) | |
| OFFICER DAVID JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Plaintiff Michael Francis Lally, a detainee at the Montgomery County Jail in Clarksville, Tennessee, filed this action under 42 U.S.C. § 1983 seeking damages and other relief for the alleged violation of his constitutional rights. Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the complaint is before the Court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

I.      STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    ANALYSIS AND DISCUSSION

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Each part of this test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In his complaint, the plaintiff alleges that he was apprehended by Officer David Johnson of the Clarksville Police Department on October 6, 2011, at 9:43 p.m. The plaintiff states that he had a broken foot but that Officer Johnson, in the course of arresting the plaintiff, "slam[m]ed" the plaintiff to the ground, kicked a cigarette out of the plaintiff's mouth, and kicked the plaintiff in the face while verbally assaulting him. The plaintiff names both the Clarksville Police Department and Officer David Johnson as defendants.

As an initial matter, the Court finds that the Clarksville Police Department is not a "person" subject to liability under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2, *3 (M.D. Tenn. Aug.25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). Consequently, the claims against the police department must be dismissed for failure to state a claim for which relief may be granted.

The plaintiff's claim against Officer Johnson appear to be based upon the alleged use of

excessive force during the course of an arrest. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). That is, an excessive-force claim under the Fourth Amendment is analyzed from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,'. . . violates the Fourth Amendment." *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Although the plaintiff's allegations in the present complaint are somewhat vague, the reasonableness of Officer Johnson's actions is called into question. The Court therefore finds that the complaint states a colorable claim under the Fourth Amendment against Officer Johnson.

III.    **CONCLUSION**

For purposes of the initial screening, the Court finds that the complaint fails to state a claim for which relief may be granted against the Clarksville Police Department. That claim will be dismissed, but the claim against defendant David Johnson for violation of the plaintiff's rights under the Fourth Amendment will be permitted to proceed. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge